## HOLTON *v.* CARTER.

1. Upon the trial of an action to recover personal property, brought by a married woman who testified that she had given in part payment for the same other personal property belonging to herself, a declaration made by her husband, before the purchase, that the property last mentioned belonged to him, was not admissible against the plaintiff, it appearing that she did not claim under her husband either the property sued for or that which she exchanged for it, and that the latter was not in the husband's possession at the time the alleged declaration was made.

2. It was not error on such trial to reject testimony that the plaintiff bought the property in dispute with other property to which she had no title, it not appearing that her title to the latter had ever been questioned by her vendor, or that he had ever suffered any loss through any defect therein, or that defendant in *fi. fa.*, her husband, had any interest in or title to this property.

3. There was no error in refusing a request to charge which contained expressions of opinion as to the evidence and was otherwise illegal.

4. One of the defences to an action for personal property being that the complete title to the same was not in the plaintiff and that consequently she could only recover the value of a partial interest therein, and another defence being that plaintiff had no title to the property and could not therefore recover at all, it was not error to instruct the jury that if plaintiff was prevented from obtaining a complete title by the defendant's wrongful and unlawful conduct (the same being a seizure and conversion of the property), she could recover full value, the other instructions on the plaintiff's right to recover being appropriate and free from error, and the plaintiff having had the exclusive possession of the property before and at the time of the defendant's wrongful act.

5. The verdict was sustained by the evidence, and there was no error in refusing a new trial.  *Judgment affirmed.*

August 27, 1892.

Husband and wife. Evidence. Title. Charge of court. Before Judge ATKINSON. Appling superior court. October term, 1891.

Mrs. Carter brought her action against Holton to recover a sorrel mare. She obtained a verdict; defendant's motion for a new trial was overruled, and he excepted. The motion contains the following grounds:

1. The court erred in refusing to allow defendant to prove by one Courson that Carter, husband of plaintiff and defendant in the *fi. fa.* at the sale under which defendant claimed to have bought the mare, said when he went to get two head of cattle which plaintiff alleged were paid as part payment for the mare sued for, before the levy was made, that he had bought the cattle and paid for them and intended to have them.

2. The court erred in refusing to allow defendant to prove by Isadore Johnson that the two head of cattle which plaintiff swore she paid on the mare, were not plaintiff's property. It was proposed to prove by Johnson that at the time plaintiff bought the cattle the person from whom she bought them had no title, but it was not proposed to show that plaintiff knew of this when she bought the cattle.

3. The court erred in refusing to charge, as requested by defendant, that if " the mare sued for was dead and it died without fault of the defendant, in the absence of other proof it would be presumed that the mare died by the act of God; and more especially when the witness swore he did not know what killed the mare, but supposed it was old age or a disease of the head, as she had a large lump on her head when he bought her; that the plaintiff could not recover except the costs of suit."

4. The court erred, after charging as requested by defendant that plaintiff must recover upon the strength of her own title, and if plaintiff had not paid but $20

on the mare and had failed and refused to pay the balance of the purchase money, she could not recover more than $20, in adding, but if the jury believed from the evidence that the plaintiff was prevented from performing and carrying out her part of the contract by the wrongful act of the defendant, she might recover if the title was otherwise shown to be in her. And the court erred, after charging as requested by defendant that if plaintiff acquired her title and possession of the property under a conditional sale of the same by her vendor to herself, by the terms of which the title was reserved in her vendor until the full payment of the purchase money, and should they find that the full purchase money had not been paid she could not recover, in adding, but she would be entitled to recover, as against this defendant, if it should appear that by his wrongful act he took the mare sued for from the possession of plaintiff, and thus prevented her from performing the contract by which she was to complete the payment for the horse ; he could not take advantage of his own wrong to defeat the title of the plaintiff.

G. J. HOLTON & SON and T. A. PARKER, for plaintiff in error.

ELISHA D. GRAHAM, *contra*.